| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Lenden F. Webb          SBN 236377<br>Law Offices of Lenden F. Webb<br>A Professional Corporation<br>466 West Fallbrook Avenue, Suite 102<br>Fresno, CA 93711<br>Tel.: (559) 431-4888          Fax: (559) 570-0488<br><br>☐ Individual appearing without counsel<br>☒ Attorney for: Sara J. Guentz | **FILED**<br><br>JAN 1 1 2010<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:                    Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re<br>  WYNKOOP CONSTRUCTION & DESIGN | CHAPTER: 7 |
|---|---|
| | CASE NO.: 2:09-bk-37262-VZ |
| Debtor(s). | DATE: 2/2/10<br>TIME:  10:00 a.m.<br>CTRM: 1368<br>FLOOR: |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT:  SARA J. GUENTZ                    )
### (Action in Non-bankruptcy Forum)

1.  NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2.  **Hearing Location:**  ☒ **255 East Temple Street, Los Angeles**    ☐ **411 West Fourth Street, Santa Ana**

      ☐ **21041 Burbank Boulevard, Woodland Hills**    ☐ **1415 State Street, Santa Barbara**

      ☐ **3420 Twelfth Street, Riverside**

3.  a.  ☒  This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and must appear at the hearing of this Motion.

    b.  ☐  This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

        ☐ at the hearing    ☐ at least _____ court days before the hearing.

      (1)  ☐  A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

      (2)  ☐  A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

      (3)  ☐  A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time, and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4.  You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                **F 4001-1M.NA**

| In re                          (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| WYNKOOP CONSTRUCTION & DESIGN                         Debtor(s). | CASE NO.: 2:09-bk-37262-VZ |

5.   If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: *January 5, 2010*

Law Offices of Lenden F. Webb, APC
_____
*Print Law Firm Name (if applicable)*

_____
*Signature of Individual Movant or Attorney for Movant*

Lenden F. Webb
_____
*Print Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                           **F 4001-1M.NA**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| WYNKOOP CONSTRUCTION & DESIGN | Debtor(s). | CASE NO.: 2:09-bk-37262-VZ |

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## (MOVANT: SARA J. GUENTZ _____)

1. **The Non-bankruptcy Action:** Movant moves for relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate with respect to the following pending lawsuit or administrative proceeding (the "Non-bankruptcy Action") in a non-bankruptcy forum:

   Case name: Sara J. Guentz v. Eric Wynkoop, et al.
   Docket number: NC053515
   Court or agency where pending: Superior Court of California, County of Los Angeles

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary   petition under Chapter   ☒ 7  ☐ 11  ☐ 12  ☐ 13
      was filed on *(specify date)*: 10/7/09
   b. ☐ An Order of Conversion to Chapter   ☐ 7  ☐ 11  ☐ 12  ☐ 13
      was entered on *(specify date)*:
   c. ☐ Plan was confirmed on *(specify date)*:
   d. ☐ Other bankruptcy cases affecting this action have been pending within the past two years. See attached Declarations.
   e. For additional case history, see attached continuation page.

3. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Non-bankruptcy Action to final judgment in the non-bankruptcy forum for the following reasons:
   a. ☐ The bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with prosecution of the Non-bankruptcy Action.
   b. ☐ The claim is insured. Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor(s) or estate property.
   c. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   d. ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   e. ☒ The claims are non-dischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum.
   f. ☒ The claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.
   g. ☒ Other reasons to allow the Non-bankruptcy Action to proceed are set forth in an attached Declaration.

4. ☐ Movant also seeks annulment of the stay so that filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion: *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)***
   a. ☒ Movant submits the attached Declaration(s) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
   b. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                    **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 4 of* 45    **F 4001-1M.NA**

| In re (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| WYNKOOP CONSTRUCTION & DESIGN | |
| Debtor(s). | CASE NO.: 2:09-bk-37262-VZ |

c. ☐ Other evidence *(specify)*:

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order granting the following:**

1. Relief from the stay to Movant (and its successors and assigns, if any) *(check boxes re all applicable relief requested)*:

    a. ☒ Terminating the stay as to Debtor(s) and Debtor's(s') bankruptcy estate.

    b. ☒ Annulling the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

    c. ☒ Modifying or conditioning the stay as set forth in the attached continuation page:

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against Debtor(s) or estate property.

3. ☒ Additional provisions requested:

    a. ☐ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b. ☐ That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

    c. ☐ That the Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

    d. ☒ For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: *January 5, 2010*

Respectfully submitted,

SARA J. GUENTZ
_____
*Movant Name*

Law Offices of Lenden F. Webb, APC
_____
*Firm Name of Attorney for Movant (if applicable)*

By: _____
*Signature*

Name:   Lenden F. Webb
_____
*Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                        **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 6 of 45*   **F 4001-1M.NA**

| In re                                                    | CHAPTER: 7 |
| (SHORT TITLE)                                            |            |
| WYNKOOP CONSTRUCTION & DESIGN                            |            |
| Debtor(s).                                               | CASE NO.: 2:09-bk-37262-VZ |

b.   ☒   The matter can be tried more expeditiously in the non-bankruptcy forum.

   (1)   ☐   It is currently set for trial on:

   (2)   ☐   It is in advanced stages of discovery and Movant believes that it will be set for trial by *(specify date)*:
       The basis for this belief is *(specify)*:

   (3)   ☒   The matter involves non-debtor parties who are not subject to suit in the bankruptcy court.  A single trial in the non-
       bankruptcy forum is the most efficient use of judicial resources.

c.   ☒   The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Non-bankruptcy Action.

   (1)   ☐   Movant is the only creditor (or the only substantial creditor) scheduled by the Debtor(s).

   (2)   ☒   The timing of the petition filing shows that it was intended to delay or interfere with the Non-bankruptcy Action based upon
       the following facts *(specify)*:
       GUENTZ, Plaintiff, commenced the Superior Court action on September 17, 2009 against ERIC WYNKOOP, an
       individual dba WYNKOOP CONSTRUCTION.  Debtor, WYNKOOP CONSTRUCTION & DESIGN, attempted to file
       the aforesaid Petition on October 7, 2009.  There have been significant efforts expended to liquidate all personal
       and business-related assets of ERIC WYNKOOP, specifically, the sale of the residential property on or around
       December 20, 2009, and immediately after an estate sale of the personal effects within the residence.

   (3)   ☐   Debtor(s) does(do) not have a reasonable likelihood of reorganizing in this Chapter ☐ 11 ☐ 13   bankruptcy case
       based upon the following facts *(specify)*:

d.   ☒   For other facts justifying relief from stay, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that
this Declaration was executed on** January 8 **,** 2010 **, at** Long Beach, California **_____ (city, state).**

SARA J. GUENTZ
*Print Declarant's Name*

*[signature]*
*Signature of Declarant*

**ATTACHMENT RE ADDITIONAL RELIEF REQUESTED 3(d)**
**MOTION FOR RELIEF FROM STAY (NON-BANKRUPTCY ACTION)**

The Superior Court of California, County of Los Angeles, requested that Plaintiff, SARA
GUENTZ, obtain relief from the stay specifically to assure the Superior Court that the
Superior Court action is against the individual, Eric Wynkoop.

Movant additionally requests:

     i.     declaratory relief for an order confirming that the Debtor in the
          Bankruptcy Action is WYNKOOP CONSTRUCTION & DESIGN, a
          Nevada Corporation and not Eric Wynkoop, an individual; and

    ii.     clarification as to whether a corporate entity who, in fact, never achieved
          corporate status according to laws of the state for which incorporation was
          sought, can qualify for Chapter 7 relief.  Specifically, WYNKOOP
          CONSTRUCTION & DESIGN is suspended with the Nevada Secretary of
          State.

**ATTACHMENT RE DECLARATION RE ACTION IN NON-BNKRUPTCY FORUM 5(d)
MOTION FOR RELIEF FROM STAY (NON-BANKRUPTCY ACTION)**

The pending Los Angeles County Superior Court Proceeding, made the subject of this motion, is being pursued by SARA GUENTZ (hereinafter "GUENTZ") against ERIC WYNKOOP, an individual dba WYNKOOP CONSTRUCTION (hereinafter "WYNKOOP"). This action is based on a contract for services entered into between GUENTZ and WYNKOOP. A true and correct copy of the contract is attached hereto as Exhibit A to the Complaint. As set forth therein, the contracting parties were GUENTZ and ERIC WYNKOOP, WYNKOOP CONSTRUCTION. The contract is silent regarding the contracting party being a corporate entity and thus GUENTZ was not afforded proper notice of her contracting with a corporation.

In fact, WYNKOOP CONSTRUCTION has, at no time, been a registered corporation with neither California nor Nevada. Specifically, WYNKOOP CONSTRUCTION & DESIGN attempted to incorporate with the Nevada Secretary of State, but, however, did not at any time achieve corporate status. This attempt was made several days after ERIC WYNKOOP executed the subject contract with GUENTZ. WYNKOOP has failed in every respect to comply with the formalities required to enjoy corporate status. Furthermore, there is no separate entity authorized to do business known as "Wynkoop Construction" as listed on the GUENTZ contract and Debtor failed to register with either the California Secretary of State or California Contractors State Licensing Boardas a foreign corporation doing business in California.

Because of all of the above-stated facts, GUENTZ asserts that ERIC WYNKOOP, in his individual capacity, is liable for the subject contract. There is no bankruptcy staying any action against Wynkoop in this capacity. Wynkoop filed multiple personal bankruptcies in 2008. Thus, the instant proceeding is an attempt to delay and interfere with the Superior Court action.

ERIC WYNKOOP is attempting to exploit the advantages of the corporate liability shield by claiming that WYNKOOP, as a corporate entity, entered into the contract with GUENTZ to avoid personal liability thereon. This is a textbook case of misuse of the corporate form and ERIC WYNKOOP should be prevented from defrauding and working an injustice against GUENTZ in claiming corporate protection from personal liability.

ERIC WYNKOOP, the individual dba WYNKOOP CONSTRUCTION, is not the Debtor in the current Bankruptcy proceeding. The Debtor Nevada Corporation did not contract with GUENTZ. ERIC WYNKOOP is trying to escape personal liability through use of a corporate form in bad faith. Injustice will ensue to GUENTZ's detriment should the court deny this motion.

1   Lenden F. Webb (SBN 236377)
    **LAW OFFICES OF LENDEN F. WEBB, APC**
2   285 West Shaw Avenue, Suite 208
    Fresno, California 93704
3   Telephone: (559) 431-4888
    Facsimile: (559) 570-0488
4   E-mail: LWebb@Webb4Law.com

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 17 2009

5   Attorneys for Plaintiff          **CASE MANAGEMENT CONFERENCE**
    SARA J. GUENTZ, an Individual    **SET FOR 8:30 a.m.**

John A. Clarke, Clerk

By _____ **A. C. ROMAN** Deputy

6

**FEB 1 6 2010**

7

**IN DEPARTMENT** SS

8               **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

9                              **CIVIL UNLIMITED DIVISION**

10

11  SARA J. GUENTZ, an Individual,          )   Case Number:  **NC053515**
                                            )
12                    Plaintiff,            )   **COMPLAINT FOR:**
                                            )
13  v.                                      )   1.    **BREACH OF CONTRACT,**
                                            )   2.    **RESCISSION;**
14  ERIC WYNKOOP, an individual dba         )   3.    **DECLARATORY RELIEF;**
    WYNKOOP CONSTRUCTION;  and              )
15  Does 1 through 25, inclusive,           )   **DEMAND FOR JURY TRIAL**
                                            )
16                    Defendants.           )
                                            )
17  _____)

18

19          COMES NOW, Plaintiff SARA J. GUENTZ, an Individual, (hereinafter referred

20  to as "Plaintiff" and/or "GUENTZ") and hereby claims against ERIC WYNKOOP, an individual

21  dba WYNKOOP CONSTRUCTION (hereinafter "WYNKOOP"); and Does 1 to 25, inclusive,

    (hereinafter referred to jointly as "Defendants") and each of them as follows:

22                                          I.

23                                      **PARTIES**

24          1.    Plaintiff GUENTZ is, and at times material to this action was, an

25  individual residing in Long Beach, California.

26          2.    Plaintiff  GUENTZ is informed and believes, and thereon alleges,

27  that Defendant WYNKOOP is, and at all times material to this action was, an individual residing

28

**LAW OFFICES OF LENDEN F. WEBB, APC**
285 W. Shaw Ave., Suite 208
Fresno, California 93704

_____
COMPLAINT FOR BREACH OF CONTRACT

1   in Los Angeles County, within the state of California, engaged in the business of general building

2   contracting, including, but not limited to home improvement.

3              3.        The true names and capacities (whether individuals, corporate or

4   otherwise) of the Defendants who are sued herein as Does 1 through 25, inclusive ("Does") are

5   presently unknown to GUENTZ; therefore GUENTZ now sues those Defendants by fictitious

6   names. GUENTZ will amend this Complaint to state the true capacities of such fictitiously

7   named Doe Defendants, when their names and identities are ascertained. GUENTZ is informed

8   and believes and on that basis alleges that all the fictitiously named Doe Defendants, and each of

9   them, have taken some part in the acts or omissions complained of herein, or are otherwise

10  responsible in some manner for the wrongful conduct herein alleged, and have caused injury in

11  this County. GUENTZ is informed and believes and on that basis alleges that each named

12  Defendant and each fictitiously named Doe Defendant acted as an agent, employee, subsidiary,

13  alter ego, or representative, of each and every other Defendant, or in concert with each and every

14  other Defendant, and acted in the course and scope of said agency, employment, subsidiary

15  relationship, alter ego, or representation, or in concert at all relevant times herein.

16                    **COMMON ALLEGATIONS TO COMPLAINT**

17             4.        On November 5, 2008, WYNKOOP and GUENTZ entered into a formal

18  and written Commitment Agreement whereby both parties agreed to the initial contract price of

19  $214,000.00 and construction start date of February 1, 2009, effectively eradicating the

20  provisions of a Design Agreement formed by WYNKOOP and GUENTZ on September 16,

21  2009.  Both parties recognize that as of the time of signing the Commitment Agreement,

22  $5,000.00 has already been paid by GUENTZ to WYNKOOP and that the total down payment

23  price is $20,000.00. *(A true and correct copy of the Commitment Agreement is attached hereto as*

24  *Exhibit "A" and incorporated by reference herein.)*

25             5.  On January 13, 2009, WYNKOOP and GUENTZ entered into a formal and

26  written Home Improvement Contract whereby both parties acknowledged the work to be done,

27  the costs of materials and labor, and the date for completion which was calculated to be 150 days

28  after commencement of construction. The scope of work to be performed under the contract was

LAW OFFICES OF LENDEN F. WEBB, APC
285 W. Shaw Ave., Suite 208
Fresno, California 93704

2

COMPLAINT FOR BREACH OF CONTRACT

LAW OFFICES OF LENDEN F. WEBB, APC
255 W. Shaw Ave., Suite 208
Fresno, California 93704

1  primarily focused on the Kitchen, Laundry Room, Living Room and Dining Room. Conditions of

2  the Contract included late fees of $2,500.00 per week to be paid by contractor every week after

3  the due date (calculated to be July 7, 2009) for work not completed in accordance with the

4  contract.

5         6.     The Contract erroneously states the start date as being January 16, 2009

6  which was the original start date as set forth in the September 16, 2008 Design Agreement. The

7  start was effectively postponed, with the consent of both parties, to February 1, 2009 prior to the

8  signing of the Home Improvement Contract. *(A true and correct copy of the September 16, 2008*

9  *Design Agreement and the Home Improvement Contract are attached hereto as Exhibit "B" and*

10  *incorporated herein by reference.)*

11         7.     On January 29, 2009 WYNKOOP and GUENTZ signed into effect a

12  Contract Change Order, whereby both parties acknowledged and agreed to additional

13  construction to be performed on Plaintiff GUENTZ' home by Defendant WYNKOOP.

14  Additional charges of $11,000.00 and a completion deadline extension of one week were agreed

15  to, thus effectively changing the completion deadline to 157 days after Febrary 1, 2009 (July 7,

16  2009). *(A true and correct copy of the Contract Change Order is attached hereto as Exhibit "C"*

17  *and incorporated by reference herein.)*

18

19         8.     The Home Improvement Contract is flawed and unenforceable because of

20  a violation of Business and Professions Code Section 7159(d) which states that the maximum

21  allowable down payment on a home improvement contract must not exceed $1,000.00 or 10

22  percent of the total contract price, whichever is less. Thus, WYNKOOP's demand and collection

23  of $20,000.00 is in excess of the legal amount by $19,000.00.

24

25         9.     On February 1, 2009 construction was commenced as per the Commitment

26  Agreement. Plaintiff GUENTZ continued to make weekly payments of $11,000.00 for 16 weeks

27  with no missed or late payments. During the Construction process, several errors were made by

28  WYNKOOP which resulted in delaying the completion of the work. Namely, pantry cabinets

3

COMPLAINT FOR BREACH OF CONTRACT

1  were installed directly anchored to the floor rather than on four inch risers as agreed; kitchen

2  layout was miscalculated resulting in an inability to install sink or connect power to dishwasher;

3  failure to install exhaust hood above stove; miscalculation in placement of kitchen "island"

4  requiring extraction and replacement; significant exterior damage to cabinetry and appliances.

5  GUENTZ contacted WYNKOOP repeatedly with concerns over the foregoing. WYNKOOP

6  failed to properly supervise the construction, and as a direct result of this disconnect from

7  subcontractors, failed to complete the construction in a manner suitable to Plaintiff as it was

8  substantially different from the work agreed upon in the Contract.

9          10.       On April 10, 2009 WYNKOOP presented GUENTZ with a Statement

10  and Invoice Change Order in an attempt to nullify certain provisions of the Home Improvement

11  Contract which require that the contractor pay **$2,500.00 per week** to the home owner for each

12  week the work is not completed. The form, as presented by WYNKOOP, is severely flawed in

13  that it fails to identify the specific tasks whose performance necessitates an extension of the

14  deadline for work completion. The Change Order violates Business and Professions Code 7159,

15  Section 3(A) in that it neither states the nature of the work causing need for the Change Order,

16  nor does it specify a commencement date or new completion date, nor was it signed by Guentz; it

17  is therefore unenforceable. *(A true and correct copy of the Statement and Invoice Change Order*

18  *is attached hereto as Exhibit "D" and incorporated by reference herein.)*

19          11.       On August 7, 2009 WYNKOOP, according to an email sent by

20  WYNKOOP to GUENTZ, became uninsured as a general contractor. At multiple points **after**

21  this date, WYNKOOP continued to demand additional payments from GUENTZ despite no

22  longer being insured. *(A true and correct copy of the email conversation between WYNKOOP*

23  *and GUENTZ is attached hereto as Exhibit "E" and incorporated by reference herein.)*

24          12.       On August 11, 2009 WYNKOOP stated to GUENTZ, in an email

25  conversation that he intended to cancel all work on the contract between himself and GUENTZ,

26  thus effectively abandoning the contract. In accordance with the law regarding home

27  improvement contracts abandoned by contractor (*Glendale Fed. Sav. & Loan Assn. V. Marina*

28  *View Heights Dev. Co., 66 App. 3d 101, 123, 135, Cal. Rptr. 802 4th Dist. 1977)* GUENTZ has

LAW OFFICES OF LENDEN F. WEBB, APC
285 W. Shaw Ave., Suite 208
Fresno, California 93704

4

COMPLAINT FOR BREACH OF CONTRACT

1    acquired multiple quotes for the work to be done in order for the initial construction, originally to

2    be done by WYNKOOP, to be finished.

3              13.        GUENTZ has obtained three (3) professional quotations to continue and

4    finish the contract entered into by Defendant WYNKOOP which range from $125,000.00 to

5    $149,275.00 where GUENTZ should have paid Defendant no more than $13,500.00 for the

6    completion of the project as she had already paid $210,500.00 as of June, 2009 . Therefore in

7    total, GUENTZ will have to pay an average of $136,465.00 which is $122,965.00 over the

8    original contract. (*A true and correct copy of the three (3) professional quotes are attached*

9    *hereto as Exhibit "F", and are incorporated by reference herein).*

10                          **FIRST CAUSE OF ACTION**

11                              **(Breach of Contract)**

12             14.        Plaintiff hereby realleges and incorporates paragraphs 1 through 13 as

13    though the same were set forth wholly and fully herein.

14             15.        At all times relevant herein, Plaintiff and Defendants entered into, and

15    operated under a written agreement whereby Plaintiff, as owner of the home on 1047 E. 46th

16    street, Long Beach, CA 90807, contracted for Defendant to complete a home improvement

17    project including a kitchen, laundry room, dining room, and living room remodeling.

18             16.        Plaintiff GUENTZ entered into the written agreement for these services

19    with Defendant WYNKOOP, on January 16, 2009. (*A true and correct copy of the agreement is*

20    *attached hereto as Exhibit "B", hereafter referred to as "The Contract")* The written agreement

21    was signed by Defendant WYNKOOP after accepting the down payment of $20,000.00.

22             17.        Defendant first breached the contract by accepting a down payment of

23    $20,000.00, a direct violation of Business and Professions Code Section 7159(3)(A) which states

24    that the down payment on a Home Improvement Contract can not exceed $1,000.00 or 10% of

25    the total cost of the contract.

26             18.        Defendant further breached the contract by failing to complete work to

27    professional standards in the industry.

28             19.        Defendant furthered breached the Contract by failing to complete the

LAW OFFICES OF LENDEN F. WEBB, APC
285 W. Shaw Ave., Suite 208
Fresno, California 93704

5

COMPLAINT FOR BREACH OF CONTRACT

1    work, specified in the Contract, by the preset completion deadline of July 7, 2009. Failure to

2    complete all work specified in the contract invokes the penalty clause on page 3 of the Contract,

3    wherein it is stated that: "Contractor will pay client $2,500.00 for every week over 150 days

4    listed in contract, if work goes over that finish date." To this end, Defendant WYNKOOP has

5    incurred nine (9) weeks worth of late penalties (calculated from July 7, 2009 to September 14,

6    2009), amounting to $22,500.00 in late fees.

7        20.    Further, Defendant WYNKOOP stands in direct violation of Business and

8    Professions Code Section 7159 due to his failure to provide notice concerning commercial

9    general liability and his subsequent status as being uninsured while performing on a Home

10   Improvement Contract. Due to these violations of the Business and Professions Code regarding

11   contract formation and performance, Defendant WYNKOOP has effectively breached the

12   Contract.

13       21.    Additionally, after scouring the area for contractors to finish the work that

14   Defendants contracted to perform, Plaintiff GUENTZ has found two (2) contractors to finish the

15   work in an appropriate fashion. These two written estimates shown as Exhibits "F" are hereby

16   incorporated herein by reference and indicate additional funds will be required to complete the

17   work begun by Defendant.

18                      <u>**SECOND CAUSE OF ACTION**</u>

19                          **(Declaratory Relief)**

20       22.    GUENTZ repeats and incorporates by reference, all of the allegations

21   contained in the preceding paragraphs of this Complaint as though set forth at length herein.

22       23.    GUENTZ will demonstrate that, in addition to claims listed in the

23   preceding paragraphs, that each and all of the Defendants, and each of them, were A) not acting

24   within the bounds of Business and Professions Code §7159; B) partners in the Contract and C)

25   have made a common practice of acting in concert in these types of transactions contrary to the

26   contracting requirements of the state, and

27       24.    GUENTZ has been forced to incur fees and costs, including

28   without limitation attorney's fees and costs, settlement, repair, investigation, loss and adjustment

LAW OFFICES OF LENDEN F. WEBB, APC
255 W. Shaw Ave., Suite 208
Fresno, California 93704

6

COMPLAINT FOR BREACH OF CONTRACT

1   fees, costs and expenses because of property damage and/or bodily injury caused by an

2   occurrence falling within the contract between WYNKOOP and GUENTZ.

3          25.    An actual controversy exists between Plaintiff and Defendants, and each of

4   them, regarding the duties of each Defendant in relation to the contract and each Defendant's

5   responsibility to the Plaintiff. A declaratory judgment is necessary and appropriate to determine

6   the rights and duties of the parties.

7                          **THIRD CAUSE OF ACTION**

8                                **(RESCISSION)**

9          26.    GUENTZ repeats and incorporates by reference, all of the allegations

10   contained in the preceding paragraphs of this Complaint as though set forth at length herein.

11          27.    As set forth above, GUENTZ requests the court set aside and rescind the

12   agreement made in writing as shown and depicted in Exhibit "B", attached hereto. This is due to

13   the fact that Defendants charged an excessive deposit, acted in violation of California Business

14   and Professions Code §7159 and failed to complete the construction in a professional or timely

15   manner.

16                                   **PRAYER**

17          WHEREFORE, GUENTZ prays for Judgment against Defendant

18   WYNKOOP, and DOES 1 through 25 as follows:

19          1.    For general and special damages in an amount to be determined at trial

20   inclusive of the loss but not less than **$145,465.00** ($122,965.00 in construction costs and

21   $22,500.00 in late penalty fees.)

22          2.    For consequential damages in an amount to be determined at trial;

23          3.    For an Order rescinding the contract and requiring Defendants to disgorge

24   all monies that have been paid to Defendants from GUENTZ and third parties as a result of its

25   practices set forth above;

26          4.    For costs of suit incurred;

27          5.    For reasonable Attorneys' Fees;

28          6.    For legal interest on the amount of damages at the rate of ten (10%) per

LAW OFFICES OF LENDEN F. WEBB, APC
285 W. Shaw Ave., Suite 208
Fresno, California 93704

7

COMPLAINT FOR BREACH OF CONTRACT

1    annum on the amount of damages from the date of breach to the date of entry of judgment.

2              7.        For a declaratory judgment declaration that each and all of the Defendants,

3    and each of them, were A) not acting within the bounds of Business and Professions Code

4    §7159; B) partners in the contract and C) have made a common practice of acting in concert in

5    these types of transactions contrary to the contracting requirements of the state, and

6              8.        For such other and further relief as the Court deems proper.

7

8    Dated: September 14, 2009                    **LAW OFFICES OF LENDEN F. WEBB,**
                                                    A Professional Corporation
9

10                                                  By _____

11                                                  LENDEN F. WEBB
                                                    Attorney for SARA J. GUENTZ
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF LENDEN F. WEBB, APC
285 W. Shaw Ave., Suite 208
Fresno, California 93704

8

COMPLAINT FOR BREACH OF CONTRACT

# EXHIBIT A

# WYNKOOP CONSTRUCTION
### 4125 Long Beach Blvd. Long Beach Ca 90807
### (562) 981-8700 Ca License #921841

## Commitment Agreement

This Agreement dated 11/05/08 is between Wynkoop Construction and Sarah Guentz with work
to be performed at 1047 E 46th Street, Long Beach, Ca. Phone: (562) 423-4123

Sara Guentz agrees to deposit $20,000.00 (less the $5,000.00 already deposited) with Wynkoop
Construction towards its project to be completed for her. In return Wynkoop Construction
agrees to maintain the pricing noted in her contract (unsigned) and continue to work on the
multiple designs necessary for her to realize her vision, and lastly guarantee her start date of
February 1st 2009. Also we will Attain Engineering visit and acquire a city permit (at extra cost).

Sara Guentz acknowledges that she made a promise with a good faith check for $5,000.00
that her project would begin by last Friday's date, and she has chosen to postpone the project
until February 1st 2009. Wynkoop Construction agrees to relieve her of any responsibility for her
breach of promise in exchange for the balance to $20,000.00 in deposit on hand monies toward
her February 1st 2009 project. Furthermore Sara Guentz acknowledges she stopped payment on
the second part already paid by check and is replacing those uncollectable funds to make good
on that check, with fees to be paid for action if charged by my bank.

Wynkoop Construction acted in good faith when it accepted Sara Guentz first Good Faith Check
and the second Stop Payment check, but sees no cause of action if we strike a rock solid
agreement for Deposit refundable only if Wynkoop Construction does not done the
Contruction work listed in the Contract scheduled for work to begin February 1st 2009. This
deposit is NOT refundable if Sara Guentz changes her mind about doing the work

This Deposit replaces the previous design agreement and is binding on both parties, Sara
Guentz agrees not to stop payment on any more payments and is bound to actually start her
project that is currently valued at $214,000.00 on February 1st, and Wynkoop Construction is
bound and guarantees these monies will be applied to the project when it starts on February 1st
2009, leaving that balance to be 194,000.00 to be spread over 17 weeks.


Eric Wynkoop for Wynkoop Const.          Sara Guentz

*Wynkoop Constrution agrees to refund the difference
between the designer's time and auto cad designer's
time if Sara Guentz needs to cancel the contract
for any reason, Expected Design cost are $6,000 total.*

Guentz Contract                    [Type text] Initial ___ /___

# EXHIBIT B

FROM : SARA J GUENTZ RN BSN        FAX NO. : 562 427 1916    Aug. 13 2009 07:31PM P3

1

# WYNKOOP CONSTRUCTION
### 4125 Long Beach Blvd. Long Beach Ca 90807
### (562) 981-8700 Ca License #921841

## HOME IMPROVEMENT CONTRACT

This Agreement dated 1/13/09 is between Wynkoop Construction and Sarah Guentz with work
to be performed at 1047 E 46th Street, Long Beach, Ca. Phone: (562) 423-4123

**Scope of Work:**

**Kitchen Remodel and remodeling of entire back area half of Home:** where existing Kitchen is
and Laundry plus half bath, Living and Existing Dining Room get enlarged with Two
foundations, windows, cabinets, insulation, plaster, paint, drywall, tile, lighting, stucco, framing
to complete design and finish and support beams as required.

Permit plus engineering to allow us to stabilize and shore up existing Kitchen/Laundry area as
well as structural foundations to eliminate front and back planters and the existing back cement
patio, and enlarge the home into those spaces as described in the approved plan.

*Includes:*
- Demolition of existing down to 4x4 walls studs.
- Waste removal and recycling as called out for in City requirements.
- Removal of dirt to facilitate enlarging raised foundation as Engineer prescribes.
- Forming two foundations front east side of kitchen and North West side of dining room
  as called out per approved design to come.
- Pouring concrete foundations as designed to support new bump out areas.
- Framing to attach the new walls to the existing Roof overhang as called for.
- Demolition of Kitchen, bathroom in bedroom wing, and old front bathroom and laundry
  room down to good wood.
- Price includes the removal of any suspect wood and the replacement with new wood of
  typical quality to complete the framing envelope in these areas.
- Rough electrical and electrical updates as needed to compliment the new systems, with
  lighting cans installed as described in the approved electrical plan (fashion lighting
  are extra: i.e. chandeliers)
- Rough plumbing for the remodeled bathroom in the old bedroom wing, and the new
  Kitchen itself.
- Insulation updated in all the areas opened by our work (2008 code typical)
- New windows installed in the Kitchen area (4) as designed and a single French door into
  Kitchen from driveway as well as a new front Door (value not to exceed $2,000) and two
  new French door pairs (value not to exceed $1,500.00 each): one in the living room and
  one in the enlarged dining room. A new west facing window in the Dining Room.
- Drywall installed and plaster applied to prepare for finish.
- New flooring installed in the new areas not to exceed $20.00 a foot installed.
- Entire new areas painted in colors to be chosen by client.

Guentz Contract                    [Type text] Initial _____ /_____

FROM : SARA J GUENTZ RN BSN    PHONE NO. : 509 327 2010    Aug. 13 2009 07:31PM P4

2

- Custom cabinetry installed in the Kitchen and laundry areas as well as a new cabinet (if required) in the bathroom (see cabinet addendum and approved cabinet design).
- Siding removed from the west side of the areas worked and replaced with new stucco as well as new stucco in areas worked that are affected by the remodel (patching).
- Crown mouldings and baseboard mouldings in the entry, Dining, Living, Kitchen, Laundry, and new bath, and new casement mouldings around all new windows.
- Granite countertops or other quality (not to exceed $9,500.00)
- Backsplashes as client decides.
- Finish plumbing
- <u>Installation of new appliances is included</u> (appliances are extra and include the sink, garbage disposal, fridge, stove, oven, t.v. microwave or any other appliance desired by client).
- Finish electrical
- Final permit approval (certificate of occupancy)

   **ADDITION:**

- An entirely new structure built from "approved plans" from foundation to finish. Includes all allocations for two sets of french doors (value not to exceed $1,500.00) and new windows as called out in our approved plans.
- Roof to match existing structure.
- New bathroom includes all rough plumbing, but not designer grade faucets, or a bathtub over $2,000.00. Marble or similar floor in bathroom, vanity with granite top or similar, and a basic toilet and sink.
- Bedroom to be floored in flooring deemed excellent with a cost of up to $20.00 a foot installed.
- Outside stucco to match existing
- All mechanical (heating/air, plumbing brought from the existing home in).
- Landings or steps are included as design in approved plans.
- Outside lighting for entry and exit is included with an allocation of $150.00 a light max.

*Note: Extra costs of Garden work to be decided by design and executed at the end of all construction at an extra cost.*

<u>Materials Included in price are:</u>
Included is everything to complete above list not including any added extras, or unforeseen and unknowns, unless accounted for. When not specifically listed the Execution of the approved plans supersedes the listed items (this entry allows for any minor items excluded in error by contractor that must be purchased to complete approved design and missed items in the body of this contract, <u>at no extra charge to client.</u>

<u>Excluded from price specifically:</u>
Permit fees, engineering fees, and any items not noted above on signed contract. Engineering is expected to be about $1,000.00 and Permit fees are expected to be around $3,000.00.

<u>Changes:</u>
There is no charge for changes that do not require additional drafting, or that are done before planned work is executed. Changes that require extra drafting will have a flat $500.00 fee. Changes that require a permit change or work to be re-done are a $500.00 change fee plus the

Guentz Contract                    [Type text] Initial ____ /____

FROM : SARA J GUENTZ RN BSN        PHONE NO. : 562 527 7015        Aug. 13 2009 07:32PM P5

cost of the change paid in advance in a change order signed by all parties. All changes require a change order by California law.

**Important Dates:**
Start Date is 1/16/08. Completion date is 150 days from start.

**Penalties:** Contractor will pay client $2,500.00 for every week over 150 days listed in contract, if work goes over that finish date.

**Contract Price:** The Complete contract price is $ 214,700.00

**Changes to this contract can only be made with written change orders,** signed by both parties, for additions not listed in this agreement.

**The Down payment required:** ($20,000.00 Paid 11/08/08. The balance of Design agreement dated 9/16/08 was waived. Balance on contract without changes is $194,700.00.

**The Payment Schedule:**
Due at signing: Payments Begin.
Project is 17 weeks in length
First payment is $11,000.00
17 equal payments of $11,000.00 each Thursday until completion.
Retention is $7,000.00 and is held until all is complete to normal building standards.
Note: First Payment will go as a deposit toward Kitchen cabinet materials.

**Unforeseen and unknowns:**
For any items that are found such as termite damage, mold, dry rot or asbestos there will be an extra cost to the owner. The owner should have reserves of 10% to cover such unknowns. The exception: All unknowns are covered in this contract for the current Kitchen/ Bath and Laundry areas in this contract.

**Documents that will be added to the contract as an addendum:**
Addendums for: New approved Design for Kitchen Cabinets, Approved Architectural Plans, Approved Lighting/ Electrical plan, Excel breakdown of expected costs.

**Mechanics' Liens and other Liens:**
Ganahl Lumber and other vendors may mail a preliminary lien notice to the owners as we draw materials at the start of the project. In the extreme circumstance where payments are not being made or made on time; Mechanics liens are available to Wynkoop Construction and any licensed subcontractors that work on this project

**Payments:**
All payments are due when presented with no grace period.

**Late fees:**
Late fees of 5 percent per month is charged on any late payments until paid in full

**Warranties:**

Guentz Contract        [Type text] Initial ____ /_____

Case 2:09-bk-37262-VZ   Doc 13   Filed 01/11/10   Entered 01/14/10 13:44:52   Desc
FROM : SARA J GUENTZ RN BSN        Main Document     Page 22 of 45        Aug. 13 2009 07:33PM P6

4

All work is has a 5 year warranty or whatever the State statute is at the time of signing. And all work is guaranteed to both the home owners' satisfaction and reasonable acceptable building practices.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above-written.

We herby Propose to furnish material and labor – complete in accordance with the above specifications, do the sum of Phase one $214,700.00

All material is guaranteed to be as specified. All work to be completed in a substantial workmanlike manner according to specifications submitted per standard practices. All agreements contingent upon accidents, or delays beyond our control.

Authorized Signature for Wynkoop Construction

Eric M. Wynkoop- Principal

The above prices. Specification and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified; Payment will be made as outlined above.

Date of Acceptance 1/18/09   Signature _____  Printed name Sara Guentz

**Guentz Contract**                    [Type text] Initial ____ /____

FROM : SARA J GUENTZ RN BSN   PHONE NO. : 562 422 2815   Aug. 13 2009 07:33PM P7

### Sara Guentz Remodel

**Addition Costs:**

| | | |
|---|---|---|
| Addition excavation | $5,500.00 | $3,500.00 |
| Addition Foundation | $12,000.00 | $6,000.00 |
| Addition Framing | $27,000.00 | $17,000.00 |
| Adiltion Plumbing and tie in | $6,700.00 | $5,000.00 |
| Addition Electrical | $4,500.00 | $4,000.00 |
| Addition Insulation | $3,700 | $2,400.00 |
| Addition Stucco | $8,500.00 | $6,000.00 |
| Addition Drywall and Plaster | $6,500.00 | $4,500.00 |
| New Flooring | $4,000.00 | $4,000.00 |
| Addition Doors (2) | $5,500.00 | $3,000.00 |
| Additon Windows (4) | $5,500.00 | $2,500.00 |
| Addition Roof | $4,500.00 | $4,500.00 |
| New Bathroom allocation | $25,000.00 | $15,000.00 |
| New stairs landing and rails | $3,200.00 | $1,800.00 |
| **Total for addition** | **$122,100.00** | **$79,200.00** |

**Existing Refurbishing:**

| | | | |
|---|---|---|---|
| Kitchen Cabinets | $29,000.00 | $29,000.00 | $10,000.00 |
| Rebuild and correct sagging foundation | $5,000.00 | $3,500.00 | |
| Central Heat and Air with new ducts & vents | $9,000.00 | $9,000.00 | |
| Instant Hot water Heater | $4,000.00 | $4,000.00 | |
| Complete Gutters | $5,000.00 | $3,500.00 | |
| All new copper plumbing | $7,500.00 | $5,000.00 | |
| Complete new drain system | $3,500.00 | $2,500.00 | |
| Wired for cable | $1,200.00 | $800.00 | |
| Front porch, landing and railing | $7,000.00 | $5,000.00 | |
| Meandering flagstone pathway | $8,500.00 | $5,000.00 | |
| New front door | $2,000.00 | $2,000.00 | |
| French door with sidelights | $4,500.00 | $3,500.00 | |
| Demolition of existing kitchen/laundry/bath | $4,500.00 | $3,500.00 | |
| Waste removal | $3,500.00 | $3,000.00 | |
| Foundations where planters are now | $6,000.00 | $3,000.00 | |
| rough electrical | $6,500.00 | $5,000.00 | |
| New windows at $1,500.00 each (14) | $21,000.00 | $14,000.00 | $14,000.00 |
| Drywall new, plaster patch old and paint | $11,000.00 | $8,000.00 | |
| Refinished floor in Living, and tile in Kitchen | $12,000.00 | $4,500.00 | |
| Cabinetry in laundry area | $2,000.00 | $2,000.00 | |
| Stucco on West side and patching as needed | $8,000.00 | $4,000.00 | |
| crown moldings throughout | $6,000.00 | $3,000.00 | |
| granite countertops | $9,000.00 | $9,000.00 | |
| installaton of appliances | $2,000.00 | $1,500.00 | |
| finish plumbing | $2,000.00 | $1,500.00 | |
| finish electric | $2,000.00 | $1,500.00 | |
| new bathroom | $25,000.00 | $15,000.00 | |
| new operable skylight in back bedroom | $4,000.00 | $3,000.00 | |
| | $210,700.00 | $154,300.00 | |
| | | $233,500.00 | |

*[handwritten top right]* This is cost itemization - the only one ever provided even though he refers to some other ones throughout in letters & emails

## Addition Costs:

| | | |
|---|---|---|
| Addition excavation | $5,500.00 | $3,500.00 |
| Addition Foundation | $12,000.00 | $6,000.00 |
| Addition Framing | $27,000.00 | $17,000.00 |
| Addition Plumbing and tie in | $6,700.00 | $5,000.00 |
| Addition Electrical | $4,500.00 | $4,000.00 |
| Addition Insulation | $3,700 | $2,400.00 |
| Addition Stucco - *Not done. Tar paper & wire wrap done* | $8,500.00 | $6,000.00 |
| Addition Drywall and Plaster | $6,500.00 | $4,500.00 |
| New Flooring — *Not done* | $4,000.00 | $4,000.00 |
| Addition Doors (2) | $5,500.00 | $3,000.00 |
| Additon Windows (4) | $5,500.00 | $2,500.00 |
| Addition Roof | $4,500.00 | $4,500.00 |
| New Bathroom allocation | $25,000.00 | $15,000.00 |
| New stairs landing and rails *Not done* | $3,200.00 | $1,800.00 |
| Total for addition | $122,100.00 | $79,200.00 |

## Existing Refurbishing:

| | | | |
|---|---|---|---|
| Kitchen Cabinets *See emails* | $29,000.00 | $29,000.00 | $10,000.00 |
| Rebuild and correct sagging foundation | $5,000.00 | $3,500.00 | |
| *not done* Central Heat and Air with new ducts & vents | $9,000.00 | $9,000.00 | |
| Instant Hot water Heater | $4,000.00 | $4,000.00 | |
| Complete Gutters | $5,000.00 | $3,500.00 | |
| All new copper plumbing | $7,500.00 | $5,000.00 | |
| Complete new drain system | $3,500.00 | $2,500.00 | |
| Wired for cable *half done* | $1,200.00 | $800.00 | |
| Front porch, landing and railing *No railing* | $7,000.00 | $5,000.00 | |
| Meandering flagstone pathway | $8,500.00 | $5,000.00 | |
| New front door *Stained on outside - hardware* | $2,000.00 | $2,000.00 | |
| French door with sidelights | $4,500.00 | $3,500.00 | |
| Demolition of existing kitchen/laundry/bath | $4,500.00 | $3,500.00 | |
| Waste removal | $3,500.00 | $3,000.00 | |
| Foundations where planters are now | $6,000.00 | $3,000.00 | |
| rough electrical | $6,500.00 | $5,000.00 | |
| New windows at $1,500.00 each (14) | $21,000.00 | $14,000.00 | $14,000.00 |
| Drywall new, plaster patch old and paint *kitchen only* | $11,000.00 | $8,000.00 | |
| Refinished floor in Living *and tile in Kitchen* *brand new flooring* | $12,000.00 | $4,500.00 | |
| Cabinetry in laundry area | $2,000.00 | $2,000.00 | |
| Stucco on West side and patching as needed | $8,000.00 | $4,000.00 | |
| crown moldings throughout | $6,000.00 | $3,000.00 | |
| granite countertops | $9,000.00 | $9,000.00 | |
| installaton of appliances | $2,000.00 | $1,500.00 | |
| finish plumbing | $2,000.00 | $1,500.00 | |
| finish electric | $2,000.00 | $1,500.00 | |
| new bathroom | $25,000.00 | $15,000.00 | |
| new operable skylight in back bedroom | $4,000.00 | $3,000.00 | |
| | $210,700.00 | $154,300.00 | |
| | | $233,500.00 | |

*[handwritten]* Not in plans

# EXHIBIT C

FROM : SARA J GUENTZ RN BSN                                                    Aug. 13 2009 07:35PM P10

# Wynkoop Construction
4125 Long Beach Blvd
Long Beach, Ca 90807
(562) 981-8700

Sara Guentz
1047 E 46th Street
Long Beach, Ca 90807
(562)423-4123

## CONTRACT CHANGE ORDER #1

This document serves as a change order for the contract signed January 13, 2009

Additional work requested:
Client hereby authorizes Wynkoop Construction to enlarge the size of the addition portion of the project West 2 linear feet by the full length of the addition. The extra charges to the client are one payment of $11,000.00 added to the end of the contract. This change also adds one week to the expected length of 17 weeks for a total of 18 weeks before Contractor's date on completion.

Signed this 29th day of January 2009

Eric Wynkoop
For Wynkoop Construction

Sara Guentz

# EXHIBIT D

# Wynkoop
## CONSTRUCTION
3553 Atlantic Ave. #252
Long Beach, ca 90807

### Statement and Invoice Change ORDER

### April 10, 2009

Sarah Guentz
1047 E 46th Street
Long Beach, Ca 90807

Due the fact that important decisions are being made quickly and that work has accelerated to make the Contractual deadlines, It is the belief of the General Contractor, Wynkoop Construction, that the Penalty clause should be removed to accommodate the BEST design and Satisfaction of the client.

By signing this agreement client recognizes that overall quality and her satisfaction should take precedent and that a Penalty clause may be in direct opposition to that quality and satisfaction.

This Document signed by both parties serves as a change order and will rescind the Penalty clause and remove any financial liability of Contractor to finish faster (estimated now to be June 15th, 2009) than the Clients satisfaction requires.


Eric Wynkoop
for Wynkoop Construction & Design Inc.

Sara Guentz
Owner

# EXHIBIT E

**From:** SJGCRRN@aol.com
**Date:** August 13, 2009 5:35:01 PM PDT
**To:** LMUKAI@webb4law.com
**Subject:** Fwd: Resumption of weekly payments

**From:** Wynkoop Construction <wynkoopconstruction@yahoo.com>
**Date:** August 11, 2009 9:04:31 PM PDT
**To:** SJGCRRN@aol.com
**Subject:** Resumption of weekly payments

Sara Guentz,

August 11, 2009

After 8 months and countless sleepless nights, headaches, vomitting and the like --I have come to a conclusion. I will no longer work for you for free. Actually free would be a step up. I have effectively worked for you and been abused by you for 8 months and have paid you for the honor.

This is insanity. It must stop, and it is stopping now. I have lost all respect for you, You could care less if I have money to feed myself let alone pay people to come to your home and bring materials for no compensation. Where I come from that is called STEALING. You have no problem further "INTERFERING" and slowing the project even further to make yourself feel better. You complain when you should be so grateful to find a sucker that would work for 8 months for free. Not you, you think the world owes you my soul. I have been demoralized, humiliated, verbally abused, as have my employees. You have created a "hostile work environment", and I have every employee as witnesses( all 11 you have gone through) I have had checks with stop pay (the first one!) You have refused to make payments when presented (two weeks ago forthe Granite Counters, basically --BREACH OF CONTRACT)

Even after all of my generous work and help you berate me and criticize my workers. You have your son further harrass me like you are a victim, with incessant calls and yelling on my messages! When it is me that has been victimized and robbed.I will not tolerate your behavior any further.

As of today 8/11/09 if you want us back you must resume payments. $1,000.00 a week for me and the cost of labor and all materials put into your home, paid weekly, no more "ENRICHMENT" (receiving goods and services without paying).

You even had the audacity to compare a couple of hundred dollars you lost on a trip to Arizona to the $65,000.00 I have lost in your job to date. How dare you!

Ironically, as of last Friday, I have lost my insurance that you have been harrassing me for, because business has again slowed down to a crawl, and I cannot "FINANCE" your home improvement project any further even if I was crazy enough to do it. Without Insurance I cannot send employees back to work at your home. So your selfishness has come back to you full circle and there you have it.

I have lost everything this year Sara, $60,000.00 I put into my showroom I had to walk away from, all of my investments, all of my credit. I spent every cent I made this year trying to complete your contract, for the low price that I mistakenly underbid. What a moron I was....

Now with business stopped, because I put all of my extra cash into your home, I have no cash reserves and I cannot even make my car payment, and as I mentioned before--renew my insurace, and thusly remain operational. I am looking Bankruptcy square in the eye and it is looking like the best of a bunch of horrible options.

The only thing that remains sure is that I will not be working for you for free any further. I will not be completing the project without your full participation in cash. The choice is yours. I have made all of my decisions. And I have done the best I could do...And it wasn't good enough for you.

Eric Wynkoop

**From:** "SJGCRRN@aol.com" <SJGCRRN@aol.com>
**To:** wynkoopconstruction@yahoo.com
**Sent:** Saturday, August 8, 2009 5:59:22 PM
**Subject:** Addendum to previous email re:Kitchen cabinets

Hi again,

2 more things about the kitchen cabinets:

1. The cabinet above the microwave: Ironically this is one of the few with a finished interior. When Lonnie realized he had cut out holes for the electrical outlet and exhaust in the wrong places, he cut out the back and the top of this cabinet, saying "they'll just have to put another board on here." This was witnessed by me, as well as the other worker. This cupboard was seen by you and it was installed anyway. You must have approved. The back of that cupboard is now drywall and the top is open. No exhaust has yet been installed. Is this my fine kitchen cabinetry?

2. The placement of the dishwasher and 2 bottom cabinets to the right of the sink, along the front of the house, was changed by you without even informing me. I had complained that, a) I did not want 2 banks of drawers, just 1, and 2) you brought up the fact that the dishwasher was too close to the sink and a "spacer" would have to be put to the left of the dishwasher to allow it to be used. This statement was witnessed by my friend, Susanne. Now, I have installed to the right of the sink, first a cupboard, then the dishwasher, and another cupboard - no bank of drawers. Unfortunately, the electrical outlet for the dishwasher had already been installed where the approved plans said it was to be, meaning a hole has

been cut in the back of the first cupboard and the outlet has been installed there. Just what I need - an outlet in the back of the bottom of a cupboard, as well as another hole in the cupboard. Is the dishwasher plugged in? Where? I hope there is a plan to hook the dishwasher up to water and a drain. The placement of the dishwasher where it is now is OK, but the accompanying errors are not.

***What is going to be done to correct all of these errors?*** My kitchen is *not* going to be a patchwork of repairs and "make-do"s because of errors in planning and mistakes by your workers, and/or lack of supervision by you.

Also, I continue to wait for you to provide me with your insurance information -Workers Comp Certificate, Liability Insurance Certificate. This is the third request in writing; plus one verbal request; plus your verbal acknowledgement of receipt of my request, but "your desk was so messy, you haven't been able to locate it." Please comply with my request.

I will expect some response to my emails ASAP.

Thank you,
Sara Guentz

T

**From:** SJGCRRN@aol.com
**Date:** August 13, 2009 5:31:09 PM PDT
**To:** LMUKAI@webb4law.com
**Subject:** Fwd: Addendum to previous email re:Kitchen cabinets

**From:** Wynkoop Construction <wynkoopconstruction@yahoo.com>
**Date:** August 10, 2009 12:36:32 PM PDT
**To:** SJGCRRN@aol.com
**Subject:** Re: Addendum to previous email re:Kitchen cabinets

Hello Sara,
I am just trying to get the Kitchen done and now I have your laundry lists. I am exasperated again. Based on your most recent laundry list I will need some time to pick the 4th team to work on your lovely project. My health cannot take the stress you cause me. And frankly, my health is all I have.

Eric

**From:** "SJGCRRN@aol.com" <SJGCRRN@aol.com>
**To:** wynkoopconstruction@yahoo.com
**Sent:** Saturday, August 8, 2009 5:59:22 PM
**Subject:** Addendum to previous email re:Kitchen cabinets

Hi again,

2 more things about the kitchen cabinets:

1. The cabinet above the microwave: Ironically this is one of the few with a finished interior. When Lonnie realized he had cut out holes for the electrical outlet and exhaust in the wrong places, he cut out the back and the top of this cabinet, saying "they'll just have to put another board on here." This was witnessed by me, as well as the other worker. This cupboard was seen by you and it was installed anyway. You must have approved. The back of that cupboard is now drywall and the top is open. No exhaust has yet been installed. Is this my fine kitchen cabinetry?

2. The placement of the dishwasher and 2 bottom cabinets to the right of the sink, along the front of the house, was changed by you without even informing me. I had complained that, a) I did not want 2 banks of drawers, just 1, and 2) you brought up the fact that the dishwasher was too close to the sink and a "spacer" would have to be put to the left of the dishwasher to allow it to be used. This statement was witnessed by my friend, Susanne.. Now, I have installed to the right of the sink, first a cupboard, then the dishwasher, and another cupboard - no bank of drawers. Unfortunately, the electrical outlet for the dishwasher had already been installed where the approved plans said it was to be, meaning a hole has been cut in the back of the first cupboard and the outlet has been installed there. Just what I need - an outlet in the back of the bottom of a cupboard, as well as another hole in the cupboard. Is the dishwasher plugged in? Where? I hope there is a plan to hook the dishwasher up to water and a drain. The placement of the dishwasher where it is now is OK, but the accompanying errors are not.

*What is going to be done to correct all of these errors?* My kitchen is *not* going to be a patchwork of repairs and "make-do"s because of errors in planning and mistakes by your workers, and/or lack of supervision by you.

Also, I continue to wait for you to provide me with your insurance information -Workers Comp Certificate, Liability Insurance Certificate. This is the third request in writing; plus one verbal request; plus your verbal acknowledgement of receipt of my request, but "your desk was so messy, you haven't been able to locate it." Please comply with my request.

I will expect some response to my emails ASAP.

Thank you,
Sara Guentz

T

**From:** SJGCRRN@aol.com
**Date:** August 13, 2009 5:55:49 PM PDT
**To:** LMUKAI@webb4law.com
**Subject: Fwd: Kitchen**

**From:** SJGCRRN@aol.com
**Date:** August 10, 2009 6:59:23 PM PDT
**To:** sguentz@yahoo.com
**Subject: Fwd: Kitchen**

**From:**SJGCRRN@aol.com
**Date:**August 8, 2009 1:32:14 PM PDT
**To:**wynkoopconstruction@yahoo.com
**Subject:Kitchen**

Hi Eric,

I know you requested I not comment on the cabinets until installation is complete; however, since we are about to start the 4th week of kitchen installation and it is nowhere close to completion, and you have not been to the site to observe what is being done for at least 10 days, I am informing you of some of my concerns before it goes much further so that you can intervene and rectify the situations.

- Many of the already installed cupboards are raw, unfinished wood on the inside. This includes the "pullout" thing that cannot be finished following installation. What happens when something gets spilled onto this raw wood? Some cupboards have clear coating on the inside, most do not. This needs to be rectified. I know you are aware of some of these, as you inspected the already hung upper cabinets the last time you were at the house. You commented that drywall screws had been used, rather than the proper screws, and directed that they be changed.

- The inside of the face board of the "pullout" has the 1-1/2 inch diameter holes for hinges that Lonnie mistakenly drilled..Surely you are not expecting to leave that as new cabinetry?

- My new stove has a 1 inch gash along the right top edge, about 7 inches back from the front.

- Is some kind of hardware going to be put on the windows? No one can open or close the windows behind the sink with out climbing on the (eventually to be installed) counters.

Hoping to hear from/see you soon.

Sara Guentz

# EXHIBIT F

Sarah Goetz                          8-26-09
1047 E 46th St
Long Beach, Ca 90807

From:
BC Construction
1137 E 46th St
Long Beach, Ca 90807  license #676747

Subject: Remodel Completion Costs

Concrete $ 5700 (side porch, (2) back porches, colored concrete)
Cabinets  $12,500 (kitchen and vanity in bath)
Railing at (4) exterior porches  $ 3,000 (allowance)
Stucco $ 9,200 (includes sandblast of existing stucco and some repairs of new lathe)
Flooring  $17,705(walnut)$ 16,555 (white oak) (demo and prep included)
Electrical $5700
HVAC $ 8,950
Paint(interior/exterior/kitchen) $11,895
Plumbing $ 6,700
Tile $4380 (both baths-labor only, tile by owner)
Granite Countertops  $4050 (incl. tile backsplash, tile by owner, granite included)
Finish carpentry / Drywall Finish/ Demolition / General Conditions $22,820

Total Labor and Material $112,600

10% overhead and profit  $  11,260

10% supervision          $  11,260


Total Bid                $135,120

Note: included in above bid is contractor time to transfer "contractor of record" with
City of Long Beach.  Relocation of illegal placement of new water heater is included in
plumbing price. Deduct $1150 if white oak flooring is used in lieu of walnut. Flooring is 3/4in by
5 in. wide.

Exclusions: added work due to "hidden conditions". Any inspector requested re-work of existing
plumbing, electrical, already covered up by new drywall. "City Fees" (if any) to transfer
"contractor of record" from original contractor to BC Construction.

Owner requested adds:

Hall flooring- $ 1590 (walnut) $1290 (white oak)

(2) added outlets at master bath vanity $250

Fireplace brick work $5000 (allowance- final price upon final design decision)


Payment schedule: 10% down upon commencement of work
                    Progress draws thereafter upon completion of work.


_____

(owner acceptance of proposal, sign here)


_____

(contractor, BC Construction, sign here)

Pro Finish Construction

5351 Saratoga st
Yorba Linda, CA 92886
714-396-0801

# Estimate

| Date | Estimate # |
|------|-----------|
| 8/31/2009 | 2071 |

| Name / Address |
|----------------|
| Sara Guentz |
| 1047 E 46th St |
| Long Beach, Ca 90807 |

| | Project |
|---|---------|
| | |

| Description | Total |
|-------------|-------|
| **KITCHEN**<br>Re-work kitchen cabinets as needed, supply all drawer boxes and guides, Build new cabinets next to sink and sink cabinet, supply and install crown mouldings around tops of cabinets, stain cabinets as needed to match what previous contractor started<br>Install sink, faucet, disposal and appliances, appliances supplied by Sara<br>Install lights over island, light trims and bulbs on can lights, install light switches and outlets, Lights, trims and bulbs supplied by Sara<br>Install granite on countertops, granite edge figured is double bullnose, two slabs figured @ $700.00 per slab, Install tile or tumble stone on backsplash<br><br>**LAUNDRY ROOM**<br>Finish drywall and finish smooth to match existing house, supply and install two shelves above washer and dryer<br><br>**MASTER BATHROOM**<br>Water test hot mop shower pan prior to starting, Install hardy backer on walls to be tiled, float shower pan and dam. Install tile on shower walls and pan, tile allowance figured is $2.50 sq ft, Install tile above bathtub and on one wall next to tub, Install tub and shower trims, Trims and valve supplied by SARA. Install hardy backer on bathroom floor, Install tile on floor, Install two sinks, faucets and hook up drains, Supply and install one Kohler wellworth toilet, Install lights in bathroom and finish electrical by installing switches and outlets, Lights supplied by Sara<br><br>**HALL BATHROOM**<br>Remove bathtub, vanity, toilet, etc, install new bathtub, new drain for bathtub, Custom build shower behind tub per plans, hot mop shower pan, install hardy backer on walls to be tiled, tile complete shower, around bathtub and bathroom floor, Install two new basic sinks and faucets<br><br>Install doors and casings in all locations, door jams are not the correct width and will need jamb extensions, All doors and jambs supplied by Sara<br>Install 31/2" MDF, Paint grade crown mouldings in entry, dining area, living room, laundry and new bathroom, Install MDF paint grade baseboard in all new areas, Install casing around all new windows<br>Paint all windows, baseboards, crown mouldings, doors and casings semi-gloss finish, Paint all walls and ceilings Repair all walls and ceilings<br><br>**EXTERIOR** | 115,250.00 |

| Price good for 30 days | **Total** | |
|------------------------|-----------|--|

**Pro Finish Construction**

5351 Saratoga st
Yorba Linda, CA 92886
714-396-0801

# Estimate

| Date | Estimate # |
|------|------------|
| 8/31/2009 | 2071 |

| Name / Address |
|----------------|
| Sara Guentz |
| 1047 E 46th St |
| Long Beach, Ca 90807 |

| | Project |
|---|---------|
| **Description** | **Total** |
| Repair any bad areas on lath, sandblast painted area on existing stucco so new stucco will adhere, Apply scratch and brown coat, apply color coat, Sara to pick color coat | 12,625.00 |
| Paint underhang and facia two coats over one coat of primer, Sara to pick color, paint exterior side of windows and doors | 6,350.00 |
| Install concrete and steps at all three door locations, Back location install concrete 8'x11', side location, install concrete 13'x13', side kitchen door location, install concrete 4'x4', all concrete will have footings with 3/8 rebar | 5,850.00 |
| Supply and install four ton AC unit and heater, units figured is 13 seer, run all new duct, price is based on electrical and gas lines run to locations of units | 9,200.00 |
| ALL WORK FIGURED IS BASED ON PERMITS BEING SIGNED OFF TO DATE | |

| Price good for 30 days | **Total** | $149,275.00 |
|-----------------------|-----------|-------------|

Page 2

JW Construction
**John Welliver**
(General Contractor Lic# 841133)
(562) 335-2010


Sarah Guentz
Completion of Addition / Remodel project


Project Estimate:   At the request of the homeowner, this proposal is submitted as an
estimate for the completion of an abandoned construction project at the residence of
Sarah Guentz located at 1047 E. 46 St., Long Beach, CA  90807.  Initial observations
reveal incomplete and/or sub-standard work in every aspect of the project below the roof
line.  It is estimated that this project will take approximately $125,000 to $135,000 to
complete (range based on material choices).

Scope of work:
    Kitchen:
-   Rework kitchen cabinet installation to create necessary space for designed sink
-   Rework desk area and flanking floor to ceiling cabinets…add toe kicks
-   Complete construction / installation of refrigerator cabinetry
-   Repair Micro/vent cabinet…relocate electrical outlet to allow for venting
-   Complete appropriate venting for exhaust
-   Rework / relocate island cabinet assembly and complete installation
-   Repair / refinish rough sawn edges of cabinet face frames
-   Repair floor tile
-   Verify proper electrical wiring for kitchen circuits
-   Install moldings and finish woodwork
-   Finish painting
-   Provide / install granite counters
-   Install all appliances as designed in plans
-   Provide brick façade or other wall finish at back wall of fireplace
-   Any other necessary items to complete remodeled kitchen

    Entry, Living Room, Dining room
-   Repair hardwood flooring to match existing at entry and rear facing French
    doors.  Sand and refinish entire living area
-   Add finish moldings and trim
-   Paint entire living area

    Laundry Room:
-   Finish drywall, paint and add shelving
-   Rework dryer venting inside wall cavity if under-floor supports allow
-   Add door and finish trim and moldings

Master suite:
- Add finish moldings and trim
- Finish paint
- Add hardwood flooring
- Install  bathroom finishes on floor, walls, shower / tub surrounds
- Install bathroom sink and vanity
- Install light fixtures and mirror
- Install door and finish trim and moldings
- Finish paint

Existing rooms:
- Repair drywall around new window installations
- Install finish trim and moldings
- Complete any necessary repairs
- Complete remodel of existing bathroom at tail end of project

HVAC:
- Install new Heating and A/C system
- Route duct work to all areas of house

Exterior:
- Stucco scratch and brown coat all new construction walls
- Sand blast existing painted stucco
- Color coat entire exterior
- Form and pour new concrete porches at three exterior doors
- Install necessary porch railings
- Paint under eves, trim, windows and doors as necessary

It is the intent of this contractor to complete this project for the homeowner in a manner that meets with the homeowner's expectations.   While it is usually more difficult to make alterations and corrections to work in progress, every effort will be made to complete the project in a timely and cost efficient manner. Items not specifically identified above will be discussed and agreed upon by both parties.

I/We agree to the above stated terms:

John Welliver _____    date: _____

Sarah Guentz _____    date: _____

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

**CONFIRMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 17 2009

John A. Clarke, Clerk

By _____ Deputy
A. C. ROMAN

COURTHOUSE ADDRESS:
San Pedro Branch, 505 S. Centre St., San Pedro 90731

PLAINTIFF:

DEFENDANT:

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
**NC053515**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 2/16/10    Time: 8:30 a.m.    Dept.: 85

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: **SEP 17 2009**

Judith A. Vander Lans
_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

Dated: **SEP 17 2009**

JOHN A. CLARKE, Executive/Officer Clerk

A. C. ROMAN

By _____
Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Seven

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 17 2009

John A. Clarke, Clerk
A. C. ROMAN ,Deputy

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**
**San Pedro Branch, 505 S. Centre Street, San Pedro, CA  90731**

**PLAINTIFF:**

**DEFENDANT:**

By

**CASE NUMBER:**

NC053515

## ORDER TO SHOW CAUSE HEARING

To party/ attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on:

Date:  12/01/09   Time: 8:30 a.m  Dept: 85   Address:  505 S. Centre St., San Pedro, CA  90731

and show cause why sanctions should not be imposed for:

☑ Failure to file:

    ☑ Proof of Service of ☐ Petition ☑ Summons and ☑ Complaint ☐ Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:_____ .

    ☐ Request for Entry of Default pursuant to California Rules of Court, rule 3.110(g) as to: _____.

    ☐ Request for Entry of Default Judgment pursuant to California Rules of Court:
        ☐ rule 3.110(h)      ☐ rule 3.740(f)    as to: _____.

    ☐ Request to Set Case for Trial-Unlawful Detainer.

    ☐ Case Management Statement pursuant to California Rules of Court, rules 3.720-3.730.

    ☐ Request for Dismissal
        ☐ as to remaining defendants
        ☐ as to cross-complaint
        ☐ pursuant to settlement agreement
        ☐ other _____

    ☐ Judgment pursuant to court order.

    ☐ (Other) _____.

☐ Failure to appear as ordered on _____ ☐ regarding _____
_____

☐ Failure to file any and all papers/documents necessary to bring the matter to trial or effect a final disposition as to all issues and parties to the action.

☐ (Other) _____.

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

**ORDER TO SHOW CAUSE HEARING**

Page 1 of 2
LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

NC053515

Your case is assigned for all purposes to the judicial officer indicated below.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Hon. Judith A. Vander Lans | 85 | 204 | | | | |
| | Hon. Ross M. Klein | 86 | 208 | | | | |
| | Hon. Roy L. Paul | 88C | 676 | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record **SEP 1 7 2009**    JOHN A. CLARKE, Executive Officer/Clerk

By _____ **A. C. ROMAN** , Deputy Clerk

### NOTICE OF CASE ASSIGNMENT –
### UNLIMITED CIVIL CASE

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 7 of 45*   **F 4001-1M.NA**

| In re                              (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| WYNKOOP CONSTRUCTION & DESIGN | |
| Debtor(s). | CASE NO.: 2:09-bk-37262-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
466 West Fallbrook Ave., Suite 102
Fresno, California  93711

A true and correct copy of the foregoing document described as <u>Notice of Motion and Motion for Relief from the</u>
<u>Automatic Stay, Declaration re Action on Non-Bankruptcy Forum</u>            will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  1/8/10 _____  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/8/10 | Lisa D. Mukai | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                              **F 4001-1M.NA**

# Service Attachment Page

1.    **Attorney for Debtor**:
Todd B. Becker
Law Offices of Todd B. Becker
3750 East Anaheim Street, Suite 100
Long Beach CA 90804
Phone: 562.495.1500
**OVERNIGHT DELIVERY**


2.    **Debtor**:
Eric Wynkoop
3553 Atlantic Ave., Suite 252
Long Beach, CA  90807
Pro Per
**OVERNIGHT DELIVERY**


3.    **United State Bankruptcy Court – Central District:**
255 East Temple Street
Los Angeles, CA  90012
Phone: 213.894.3118
**OVERNIGHT DELIVERY**